**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROBERTO RUIZ, on his own behalf and on behalf of all persons similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>EZ MULTI SERVICE AND PARTS, LLC, aka, EZ MULTI SERVICE, LLC, DANILO L. CARVALHOESILVA, individually, and ADOLFO M. DE SA, individually, and all other affiliated entities and/or joint employers, all whose true names are unknown, and and , Individually,<br><br>    Defendants. | Civil Action No.:<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff ROBERTO RUIZ, on his own behalf and on behalf of all persons similarly situated, ("Plaintiff" or "Named Plaintiff" or "Ruiz"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, EZ Multi Service and Parts, LLC, aka, EZ Multi Service, LLC, and all other affiliated entities and/or joint employers (collectively "EZ Multi Service"), Danilo L. Carvalhoesilva, Individually ("Carvalhoesilva"), and Adolfo M. De Sa, Individually ("De Sa") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.     Plaintiff brings this lawsuit seeking recovery against Defendants EZ Multi Service, Carvalhoesilva, individually, and De Sa, individually, for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of

1

the New Jersey Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2.      Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt "mechanics"- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and as a class action pursuant to Fed.R.Civ.P. Rule 23, the NJWHL and the NJWPL.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims as well as his breach of contract action, pursuant to 28 U.S.C. §§ 1332 and 1367.

5.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Plaintiff performed non- exempt general mechanic work, primarily throughout New Jersey for the Defendants, based from their corporate location in Newark, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7.      Upon information and belief, at all times material hereto, employees similarly situated to Plaintiff, non-exempt mechanic employees, performed work for Defendants at their two locations in Newark, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

.

8.      At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a car mechanic business. Defendants' business purchases goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce.  Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

9.      Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to produce an end product for the corporate Defendant's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

10.      Plaintiff Ruiz is an adult individual who is a resident of Union County, New Jersey.

11.      Plaintiff Ruiz became employed by Defendant, full-time, as a non-exempt laborer, beginning in approximately July 2023, and continuing through approximately August 2024, performing duties in furtherance of Defendants' car mechanic business

12.      Upon information and belief, Defendant, is headquartered in Newark, New Jersey.

13.      Upon information and belief, at all times relevant to this Complaint, the Defendants Carvalhoesilva and De Sa employ individuals to perform labor services on behalf of the Defendant, EZ Multi Service.

3

14. Upon information and belief, at all times relevant to this Complaint, the Defendant, EZ Multi Service's, annual gross volume of sales made or business done was not less than $500,000.00.

15. Upon information and belief, all other affiliated entities and/or joint employers, the names and addresses of which are unknown.

16. Upon information and belief, at all times relevant to this Complaint, Defendants Carvalhoesilva and De Sa have had power over personnel decisions at the business of Ez Multi Service.

17. Upon information and belief, at all times relevant to this Complaint, Carvalhoesilva and De Sa have been owners, partners, officers and/or managers of the Defendant EZ Multi Service.

18. Upon information and belief, at all times relevant to this Complaint, Defendants Carvalhoesilva and De Sa have had power over personnel decisions at Defendant EZ Multi Service.

19. Defendants Carvalhoesilva and De Sa were regularly present at Defendant's Ez Multi Service's premises and job sites, and managed the day-to-day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, Defendants Carvalhoesilva and De Sa are a New Jersey state residents.

21. Upon information and belief, at all times relevant to this Complaint, Defendants Carvalhoesilva and De Sa have been owners, partners, officers and/or managers of Defendant EZ Multi Service.

22.     Upon information and belief, at all times relevant to this Complaint, Defendants Carvalhoesilva and De Sa have had power over personnel decisions at Defendant EZ Multi Service.

23.     Defendants Carvalhoesilva and De Sa were regularly present at Defendant EZ Multi Service's premises and job sites and managed the day-to-day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

24.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

25.     This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

26.     The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, NJWHL, and NJWPL, by failing to provide overtime wages, at the rate of one- and one-half times the regular rate of pay, for all time worked in excess of 40 hours in any given week, pursuant to 29 U.S.C. § 207.

27.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees.  In addition, the names of all potential members of the putative class are not known.

28.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and

willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

29.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' different job site locations.

30.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

32.     This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

33.     Plaintiff's claims under the NJWHL and NJWPL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

34.     A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

35.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all hours worked and at the overtime rate for all hours he worked in a work week.

36.     Plaintiff routinely worked fifty-three (53) hours per work week, Monday through Saturday.

37.     Plaintiff was paid $31.00 per hour for all hours worked.

38.     Upon information and belief, Plaintiff Ruiz was not properly compensated for at least thirteen (13) hours of overtime he routinely worked in a work week.

39.     From in or about July 2023 through August 2024, Plaintiff's job duties included, but were not limited to general mechanic duties.

40.     Upon information and belief, like Plaintiff, employees similarly situated to Plaintiff Ruiz, were also compensated improperly by Defendants.

41.     Upon information and belief, Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL and NJWPL, as described in this Complaint.

42.     At all times material hereto, Plaintiff Ruiz and all similarly situated employees performed their duties for the benefit of and on behalf of Defendants.

43.     This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

44.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and NJWPL, in that Plaintiff

7

Ruiz  performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff Ruiz  and other similarly situated employees compensation to which they were lawfully entitled for those hours worked in excess of forty (40) within a work week.

45.    The additional persons who may become Plaintiffs in this action are Defendants' non-exempt mechanic laborers who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after August 8, 2019.

46.    Plaintiff Ruiz has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Ruiz is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

47.    Plaintiff Ruiz re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

48.    Plaintiff Ruiz is entitled to be paid additional compensation for each overtime hour worked per work period.

49.    Defendants knowingly and willfully failed to pay Plaintiff Ruiz at time and one half of his regular rate of pay for all of his overtime hours worked in a work period.

50.    All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

51.    By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff Ruiz and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

52.     As a result of Defendants' willful violations of the Act, Plaintiff Ruiz and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

53.     Plaintiff Ruiz re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

54.     Defendants' aforementioned conduct is in violation of the NJWHL.

55.     As a direct and proximate cause of Defendants' actions, Plaintiff Ruiz and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

56.     As a result of Defendants' violations, Plaintiff Ruiz and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWHL.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

57.     Plaintiff Ruiz re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

58.     Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff Ruiz for all hours worked.

59.     As a direct and proximate cause of Defendants' actions, Plaintiff Ruiz and those similarly situated employees suffered damages, including but not limited to past lost earnings.

60. As a result of Defendants' violations, Plaintiff Ruiz and similarly situated employees,

9

are entitled to liquidated damages as directed pursuant to the NJWPL.

## JURY TRIAL

61.     Plaintiff Ruiz and similarly situated employees demand a jury trial.


WHEREFORE, Plaintiff, ROBERTO RUIZ, on his own behalf and on behalf of all persons similarly situated, and those similarly situated employees, demand judgment, against Defendants, EZ Multi Service and Parts, and all other affiliated entities and/or joint employers, all whose true names are unknown, Carvalhoesilva, individually, and De Sa, individually, for the payment of overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.


Dated: January 25, 2025                         Respectfully submitted,

                                                JAFFE GLENN LAW GROUP, P.A.

                                                /s/ Andrew Glenn
                                                 Andrew I. Glenn, Esq.
                                                Email: aglenn@jaffeglenn.com
                                                300 Carnegie Center, Suite 150
                                                Princeton, New Jersey 08540
                                                Telephone: (201) 687-9977
                                                Facsimile: (201) 595-0308
                                                *Attorneys for Plaintiff and Putative Class*

10